ALBERT I. DROWNE *v.* OSCAR LOVERING, JR.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*George R. Scammon* (by brief and orally), for the defendant.

PAGE, J. The denial of the motion to dismiss the action under R. L., *c.* 413 was erroneous, though the plaintiff may still be permitted in discretion to amend. The statute (*s.* 12) permits actions to be brought by the "owner, lessor," or (as against a mortgagor in possession) by the "purchaser at a mortgage foreclosure sale." There is no evidence that the plaintiff is the defendant's lessor or that the plaintiff bought the premises at a foreclosure sale. The plaintiff claims, however, to be the owner of the premises under a deed from the selectmen of Sandown. The title of the Town of Sandown derives from a tax deed from the presumed collector of taxes of that town for 1937, who assumed to sell the premises to the town for the nonpayment of the taxes he believed to have been assessed on the premises in the name of the Estate of Etta Sargent. The defendant appears to claim title under a deed from the administrator of that estate, though he has not yet had the opportunity to prove his claim.

The main defect in the plaintiff's title, the defendant asserts, arises from the fact that the warrant for the town meeting of 1937 was posted on February 23, while the meeting was held on March 9. The warrant was required to be posted fourteen days before the day of the meeting. R. L., *c.* 57, *s.* 4. In reckoning time, the day of posting is not to be counted. R. L., *c.* 7, *s.* 34. Consequently the notice was given only thirteen days before the meeting. The defective notice voided the assessment made thereunder, and the plaintiff cannot establish a tax title as owner of the premises. *Grafton Bank* v. *Kimball,* 20 N. H. 107, 111; *Osgood* v. *Blake,* 21 N. H. 550, 564.

*Judgment for the defendant, nisi.*

All concurred.